Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: 602.328.0262
Facsimile: 602.926.1479
Email: srandall@randallslaw.com

Michael A. Josephson (*pro hac vice forthcoming*)
Andrew W. Dunlap (*pro hac vice forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: 713.352.1100
Facsimile: 713.352.3300
Emails: mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch (*pro hac vice forthcoming*)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: 713.877.8788
Email: rburch@brucknerburch.com

**ATTORNEYS FOR MILLER AND THE STRAIGHT TIME EMPLOYEES**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Viktor Miller, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Sundt Construction, Inc., an Arizona corporation,<br><br>Defendant. | **Case No. _________________**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>**(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);**<br>**(2) Failure to Pay Overtime Wages (New Mexico** |

**Minimum Wage Act, N.M.S.A. § 50-4-22).**

**(Jury Trial Demanded)**

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Viktor Miller (Miller) brings this collective action to recover unpaid wages and other damages from Sundt Construction, Inc. (Sundt).

2. Sundt employed Miller as one of its Straight Time Employees (defined below) in Rio Rancho, New Mexico.

3. Sundt pays Miller and the other Straight Time Employees by the hour.

4. Miller and the other Straight Time Employees regularly work more than 40 hours in a week.

5. But Sundt does not pay Miller and its other Straight Time Employees overtime.

6. Instead, Sundt pays Miller and the other Straight Time Employees the same hourly rate for all hours worked, including hours in excess of 40 in a workweek (Sundt's "straight time for overtime pay scheme").

7. Sundt applies its straight time for overtime pay scheme to Miller and its other Straight Time Employees regardless of individualized differences.

8. Sundt has never paid Miller and the other Straight Time Employees on a salary basis.

9. Sundt's straight time for overtime pay scheme violates the Fair Labor Standards Act (FLSA) and New Mexico Minimum Wage Act (NMMWA) by depriving Miller and the

other Straight Time Employees of the "time and a half" overtime premium, based on their true regular rates of pay, that they are owed for hours worked over 40 in a workweek.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has supplemental jurisdiction over the state law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

12. This Court has general personal jurisdiction over Sundt because Sundt maintains its principal place of business in Tucson, Arizona.

13. Venue is proper because Sundt maintains its principal place of business in Tucson, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

14. Miller worked for Sundt as a project superintendent from approximately March 2023 through November 2023.

15. Throughout his employment, Sundt paid Miller under its straight time for overtime pay scheme.

16. Miller's written consent is attached as **Exhibit 1**.

17. Miller brings this collective action on behalf of himself and similarly situated Sundt employees.

18. The putative FLSA collective of similarly situated employees is defined as:

> **All hourly employees Sundt paid under its straight time for overtime pay scheme during the past 3 years through final resolution of this action ("FLSA Collective Members").**

19. The putative NMMWA class of similarly situated employees is defined as:

> **All employees in New Mexico who Sundt paid under its straight time for overtime pay scheme. ("New Mexico Class Members").**

20. The FLSA Collective Members and the New Mexico Class Members are collectively referred to as the "Straight Time Employees."

21. Sundt is an Arizona corporation headquartered in Tucson, Arizona.

22. Sundt can be served through its registered agent: C T Corporation, 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

## FLSA COVERAGE

23. At all relevant times, Sundt was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

24. At all relevant times, Sundt was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

25. At all relevant times, Sundt was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

26. At all relevant times, Sundt has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

27. At all relevant times, Miller and the other Straight Time Employees were Sundt's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

28. At all relevant times, Miller and the other Straight Time Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

29. Sundt touts itself as "committed to being the most skilled builder in America, owned and led by the industry's most skilled construction professionals.[1]

30. To meet its business objectives, Sundt hires workers, like Miller and the other Straight Time Employees, to provide construction services.

31. While exact job titles and duties may differ, Sundt subjects these employees to the same or similar straight time for overtime pay scheme.

32. For example, Miller worked for Sundt as a project superintendent from approximately March through November 2023 in Rio Rancho, New Mexico.

33. Miller's job duties included scheduling and managing his crew, coordinating their construction work, and completing progress reports.

34. Miller was Sundt's hourly employee.

35. Specifically, Sundt paid Miller approximately $62.50 an hour.

36. Miller reported his "on the clock" hours worked to Sundt.

37. Sundt's records reflect the "on the clock" hours Miller reported each week.

38. Miller regularly worked more than 40 hours in a week.

---

[1] https://www.sundt.com/about-sundt/ (last visited February 3, 2026).

39. Miller typically worked 10 to 12 hours a day for 5 to 6 days a week (50 to 72 hours a workweek).

40. Despite knowing Miller regularly worked overtime, Sundt did not pay him premium overtime wages of at least 1.5 times his true regular rate of pay, based on all remuneration, for the hours he worked over 40 in a workweek.

41. Instead, Sundt paid him the same hourly rate for all hours worked under its straight time for overtime pay scheme.

42. For example, during the August 28 to September 3, 2023 pay period, Miller worked 50 hours, but Sundt paid him the same $62.50 for all hours worked, including overtime hours:

| Earnings | | | | |
|---|---|---|---|---|
| **Description** | **Hours** | **Rate** | **Amount** | **Year To Date** |
| BasepayField | 40.00 | 62.500 | 2,500.00 | 52,250.00 |
| Basepay | 10.00 | 62.500 | 625.00 | 14,375.00 |
| FTO Used | | | | -750.00 |
| Pd Not Worke | | | | 1,000.00 |
| Expense Reim | | | | 2,719.20 |
| Sub-Nontxble | | | 900.00 | 18,900.00 |
| Bonus-SignOn | | | | 5,000.00 |
| Auto Allow | | | 15.00 | 270.00 |
| IMP BASIC LF | | | 1.60 | 25.60 |
| IMP LTD | | | 8.78 | 70.24 |
| Wellness EE | | | 33.00 | 528.00 |

43. Because of Sundt's straight time for overtime pay scheme, Miller did not receive the required "time and a half" overtime premium, based on all remuneration (including additional wages such as "Bonus-SignOn," "Sub-Nontxble," and "Auto Allow"), for the hours he worked over 40 in a workweek.

44. Sundt pays its other Straight Time Employees according to its same straight time for overtime pay scheme it imposed on Miller.

45. Like Miller, Sundt pays its other Straight Time Employees by the hour.

46. And Sundt requires them to report their "on the clock" hours to Sundt.

47. Thus, just as Sundt maintains records of the hours Miller reported, it also maintains records of the hours the other Straight Time Employees reported.

48. Sundt's records show the other Straight Time Employees, like Miller, regularly work more than 40 hours in a workweek.

49. Indeed, like Miller, the Straight Time Employees typically work 50 to 72 hours a workweek.

50. Despite knowing the Straight Time Employees regularly work overtime, Sundt does not pay them "time and a half" overtime wages based on their true regular rates of pay.

51. Instead, under its straight time for overtime pay scheme Sundt pays them the same hourly rate for all hours worked, including hours in excess of 40 in a workweek.

52. Sundt has never paid Miller or its other Straight Time Employees on a "salary basis."

53. Rather, Sundt pays Miller and the other Straight Time Employees for the hours they actually work.

54. Because Sundt fails to pay Miller and its other Straight Time Employees on a "salary basis," these workers are all non-exempt employees entitled to overtime wages.

55. But Sundt does not pay them premium overtime wages when they work more than 40 hours in a workweek, in violation of the FLSA and NMMWA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

56. Like Miller, the other Straight Time Employees are victimized by Sundt's straight time for overtime pay scheme.

57. Other Straight Time Employees worked with Miller and indicated they were paid in the same or similar manner under Sundt's straight time for overtime pay scheme.

58. Based on his experience with Sundt, Miller is aware Sundt's straight time for overtime pay scheme was imposed on other Straight Time Employees.

59. The Straight Time Employees are similarly situated in the most relevant respects.

60. Even if their precise job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime pay.

61. Any relevant exemption defense would require Sundt to pay the Straight Time Employees on a "salary basis."

62. Because Sundt fails the "salary basis" test with respect to the Straight Time Employees, the specific job duties performed by those employees are largely irrelevant.

63. The only *relevant* inquiry is whether the Straight Time Employees were paid "straight time" when they worked more than 40 hours in a week.

64. Therefore, the specific job titles or locations of the Straight Time Employees do not prevent class or collective treatment.

65. Rather, Sundt's straight time for overtime pay scheme renders Miller and the other Straight Time Employees similarly situated for the purpose of determining their right to overtime wages.

66. Sundt's records reflect the number of hours Miller and the other Straight Time Employees recorded "on the clock" each week.

67. Sundt's records also show it paid Miller and the other Straight Time Employees "straight time," instead of "time and a half," for their overtime hours.

68. The back wages owed to Miller and the other Straight Time Employees can therefore be calculated using the same formula applied to the same records.

69. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Sundt's records, and there is no detraction from the common nucleus of liability facts.

70. Therefore, the issue of damages does not preclude class or collective treatment.

71. Miller's experiences are therefore typical of the experiences of the other Straight Time Employees.

72. Miller has no interest contrary to, or in conflict with, the Straight Time Employees that would prevent class or collective treatment.

73. Miller has an interest in obtaining the unpaid wages owed to the Straight Time Employees under federal and New Mexico law.

74. Miller and his counsel will fairly and adequately protect the interests of the Straight Time Employees.

75. Indeed, Miller retained counsel with significant experience handling complex class and collective actions.

76. A class and collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

77. Absent this class and collective action, many Straight Time Employees will not obtain redress for their injuries, and Sundt will reap the unjust benefits of violating the FLSA and NMMWA.

78. Further, even if some of the Straight Time Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

79. Indeed, the multiplicity of actions would create hardship to the Straight Time Employees, the Court, and Sundt.

80. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Employees' claims.

81. The questions of law and fact that are common to each Straight Time Worker predominate over any questions affecting solely the individual Hourly Employees.

82. Among the common questions of law and fact are:

a. Whether Sundt failed to pay the Straight Time Workers premium overtime wages for all hours worked in excess of 40 a workweek under its straight time for overtime pay scheme;

b. Whether Sundt failed to pay the Straight Time Workers on a salary basis;

c. Whether Sundt's failure to pay the Straight Time Workers premium overtime wages as required by the NMMWA under its straight time for overtime pay scheme constituted a continuing course of unlawful conduct;

d. Whether Sundt's decision not to pay the Straight Time Workers premium overtime wages for all overtime hours worked was made in good faith; and

e. Whether Sundt's violations were willful.

83. Sundt's straight time for overtime pay scheme deprived Miller and the other Straight Time Employees of the premium overtime wages they are owed under federal and New Mexico law.

84. There are many similarly situated Straight Time Employees who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

85. The Straight Time Employees are known to Sundt and are readily identifiable through Sundt's business and personnel records.

**SUNDT'S VIOLATIONS WERE WILLFUL**

86. Sundt knew it was subject to the FLSA's overtime provisions.

87. Sundt knew the FLSA required it to pay non-exempt employees, including Miller and the other Straight Time Employees, overtime wages at rates of at least 1.5 times their true regular rates of pay, based on all remuneration, for all hours worked in excess of 40 each workweek.

88. Sundt knew Miller and each Straight Time Employee worked more than 40 hours in at least one workweek during relevant period because it required them to do so.

89. Sundt knew Miller and the other Straight Time Employees were its hourly employees.

90. Sundt knew it paid Miller and its other Straight Time Employees by the hour.

91. Sundt knew Miller and its other Straight Time Employees were paid straight time for overtime.

92. Sundt knew it did not pay Miller and its other Straight Time Employees on a "salary basis."

93. Sundt knew it did not pay Miller and its other Straight Time Employees any guaranteed sum on a weekly or less frequent basis that was not subject to reduction based on the quantity or quality of work.

94. Sundt knew its straight time for overtime pay scheme did not satisfy the FLSA's "salary basis" test.

95. Sundt knew it needed to pass the "salary basis" test to qualify for any exemptions it could claim with respect to Miller and the other Straight Time Employees.

96. Sundt's failure to pay Miller and its other Straight Time Employees overtime wages for overtime hours was neither reasonable, nor was its decision not to pay these non-exempt employees overtime wages made in good faith.

97. Sundt knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA.

98. Sundt knowingly, willfully, and/or in reckless disregard carried out its straight time for overtime pay scheme that deprived Miller and the other Straight Time Employees of overtime wages, in willful violation of the FLSA.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

99. Miller brings his FLSA claims as a collective action on behalf of himself and the other FLSA Collective Members.

100. Sundt violated the FLSA by employing non-exempt employees, including the FLSA Collective Members, in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay for hours worked after 40 in a workweek.

101. Sundt's unlawful conduct harmed the FLSA Collective Members by depriving them of the overtime wages they are owed.

102. Accordingly, Sundt owes the FLSA Collective Members the difference between the wages actually paid and the required overtime wages actually earned.

103. Because Sundt knew, or showed reckless disregard for whether, its straight time for overtime pay scheme violated the FLSA, Sundt owes these wages for at least the past 3 years.

104. Sundt is also liable to the FLSA Collective Members for an additional amount equal to all their unpaid wages as liquidated damages.

105. Finally, the FLSA Collective Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT II

### FAILURE TO PAY OVERTIME WAGES UNDER THE NMMWA (NEW MEXICO CLASS)

106. Miller brings his NMMWA claim on behalf of himself and the New Mexico Class Members pursuant to FED. R. CIV. P. 23.

107. The conduct alleged in this Complaint violates the NMMWA. N.M.S.A. §§ 50-4-20, *et seq*.

108. At all relevant times, Sundt has been an "employer" within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-1; *see also* N.M.S.A. § 50-4-21.

109. At all relevant times, Sundt has been an "enterprise in business" within the meaning of the NMMWA.

110. At all relevant times, Miller and each New Mexico Class Member have been covered "employees" within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-21(C).

111. At all relevant times, Sundt has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

112. The NMMWA requires employers, like Sundt, to pay employees, including Miller and the other New Mexico Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 hours in any one 7-day workweek. *See* N.M.S.A. § 50-4-22(D).

113. Miller and the Hourly Employees are entitled to overtime wages under the NMMWA for all hours worked in excess of 40 hours in a 7-day workweek.

114. Sundt violated, and is violating, the NMMWA by employing non-exempt employees (Miller and the other New Mexico Class Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 in a 7-day workweek. *See* N.M.S.A. § 50-4-22(D).

115. Sundt's unlawful straight time for overtime pay scheme was, and is, part of a continuing course of conduct, entitling Miller and the other New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

116. Sundt's unlawful conduct harmed Miller and the New Mexico Class Members by depriving them of the premium overtime wages they are owed.

117. Accordingly, Miller and the other New Mexico Class Members are entitled to recover their unpaid overtime wages in an amount equal to 1.5 times their regular rates of pay for all hours worked in excess of 40 in a seven-day workweek; "an additional amount equal to twice the unpaid … wages" as treble damages, N.M.S.A. § 50-4-26(C); and all reasonable attorneys' fees and costs incurred in this action, N.M.S.A. § 50-4-26(E).

## JURY DEMAND

118. Miller demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Miller, individually and on behalf of the other Straight Time Workers, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice to the Straight Time Workers allowing them to join this action by

filing a written notice of consent;

b. An Order designating this lawsuit as a class action and certifying the putative class pursuant to FED. R. CIV. P. 23;

c. An Order designating Miller and his counsel to represent the interests of the putative class;

d. An Order finding Sundt liable to Miller and the other Straight Time Workers for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e. An Order finding Sundt liable to Miller and the other Straight Time Workers for all unpaid overtime wages owed under the NMMWA and treble damages in an amount equal to two times their unpaid overtime wages;

f. A Judgment against Sundt awarding Miller and the other Straight Time Workers all their unpaid overtime wages, liquidated damages, treble damages, and any other penalties available under the FLSA and/or NMMWA;

g. An Order awarding attorney's fees, costs, and expenses;

h. Pre- and post-judgment interest at the highest applicable rates; and

i. Such other and further relief as may be necessary and appropriate.

Dated: February 3, 2026

Respectfully submitted,

**RANDALL LAW PLLC**

By: */s/ Samuel R. Randall*
Samuel R. Randall (No. 024517)
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
602-328-0262 – Telephone
602-926-1479 – Facsimile
srandall@randallslaw.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

**Pro hac vice applications forthcoming*

**ATTORNEYS FOR MILLER & THE HOURLY EMPLOYEES**